# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TIMOTHY RANDALL | ) | CIVIL ACTION NO. 16-744 |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| HD SUPPLY, INC. | ) | |
| | ) | |
| | ) | JURY DEMAND |
| Defendants. | ) | |

## PETITION FOR DAMAGES

1. This is an action to halt and seek redress for the unlawful discrimination on the basis of disability and retaliation that the defendant has implemented in its business practices.

2. The Americans with Disabilities Act expressly prohibits discrimination in employment on the basis of disability. 42 U.S.C. §§ 12101, *et seq.*

3. Title VII of the Civil Rights Act of 1964 makes it illegal to discriminate against someone on the basis of race, color, religion, national origin, or sex. It also makes it illegal to retaliate against a person because the person complained about discrimination.

4. Despite these mandated protections, the defendant has violated the Plaintiff's rights.

## PARTIES

5. The plaintiff was an employed person working at HD Supply, Inc. at 812 Little Farms Avenue in Metairie, Louisiana. He is a person of the age of majority, is African-American and suffers from back injuries.

6. Defendant is HD Supply, Inc., a foreign corporation authorized to do business in Louisiana. It can be served with process through its registered agent, Corporate Creations Network, Inc. located at 1070-B West Causeway Approach in Mandeville, Louisiana 70471.

## FACTUAL BACKGROUND

7. Mr. Randall worked for HD Supply, Inc.

8. He suffered a back injury while on the job on or around April of 2014.

9. Mr. Randall had previously complained about his treatment and the treatment of others with respect to discriminatory behavior.

10. This back problem led to serious pain and injury for Mr. Randall.

11. It did and still does affect his quality of life.

12. After his injury, Mr. Randall kept receiving pressure from his supervisors and received criticism that had not been received before.

13. At one point, Mr. Randall was brought in to speak with loss prevention officers in August of 2014.

14. He was accused of being responsible for missing materials.

15. Loss prevention was eventually forced to admit that they had no evidence of any wrongdoing on Mr. Randall's part.

16. Ultimately, Mr. Randall was terminated.

## JURISDICTION AND VENUE

17. This Court has jurisdiction over this matter under 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

17. On February 27, 2015, Mr. Randall timely filed a charge with the United States Equal Employment Opportunity Commission ("EEOC") against the Defendant for

discrimination in employment.  The EEOC issued a "right to sue" letter on January 13, 2016. Notably, it is Mr. Randall's understanding and belief that the Defendant refused to mediate this dispute or otherwise even respond to Mr. Randall.

18. Venue is proper because the discrimination occurred in this District.

19. This Court has jurisdiction over the Defendant because it is located and operates in the State of Louisiana.

### COUNT I:  VIOLATION OF THE AMERICANS WITH DISABILILITIES ACT

20. Paragraphs 1-19 above are restated as if fully incorporated herein.

21. The Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, prohibits employers from discriminating against qualified individuals because of a disability specifically with regards to discharge of employees.  42 U.S.C. § 12112.  Title VII of the Civil Rights Act prohibits discrimination against persons as a result of race or as retaliation for previously complaining about discrimination.

22. Because back injuries substantially limit at least one of Mr. Randall's major life activities, he is an individual with a disability under the ADA.

23. Mr. Randall was fully qualified to be in his position at HD Supply, Inc. and had not had his work performance criticized.  In fact, Mr. Randall had been told on multiple occasions that his work performance was superior.

24. Upon information and belief, the Defendant is a covered employer to which the ADA applies.  Upon information and belief, the Defendant has over fourteen thousand employees nationwide.

25. As a result of his disabilities, Mr. Randall was forced to stand often and take breaks when necessary.

26. Mr. Randall made his supervisors aware of this fact and never abandoned a crucial task.

27. Mr. Randall was falsely accused of theft and/or responsibility for disparities in invoicing even though it was well known that HD Supply, Inc. was in total disarray.

28. Mr. Randall had his job threatened many times.

29. Curiously this came after Mr. Randall had been gone due to injuries at work.

30. Mr. Randall reported the violations of workers compensation laws and FMLA laws.

31. Only after these reports was Mr. Randall interviewed by loss prevention.

32. During this interview, Mr. Randall asked to stand due to back pain.

33. Upon his request, the interviewers left the room briefly and then came back and suspended Mr. Randall.

34. Mr. Randall was subsequently terminated.

35. The Defendant terminated Mr. Randall from employment because he has back injuries. The Defendant made no individualized assessment to determine whether Mr. Randall could perform the essential functions of his job or whether a reasonable accommodation would enable him to be employed in his position, as is required under the ADA.

36. Termination on the basis of his disability and Defendant's failure to make an individualized assessment to determine whether Mr. Randall could be employed or whether a reasonable accommodation would enable him to be employed by HD Supply, Inc. violated the ADA.

37. As a result of Defendant's actions, Mr. Randall has suffered and will continue to suffer both economic and non-economic harm.

## COUNT II: VIOLATION OF LOUISIANA EMPLOYMENT DISCRIMINATION LAW

38. .Paragraphs 1-34 are restated as if fully incorporated herein.

39. The Louisiana Employment Discrimination Law, La. Rev. Stat. 23:301 *et seq.*, prohibits employers from discriminating against qualified individuals because of a disability specifically with regards to discharge of employees. La. R. S. 23:323.

40. Because back injries substantially limit at least one of Mr. Randall's major life activities, he is an individual with a disability.

41. Mr. Randall was fully qualified to be in his position at HD Supply, Inc. In fact, Mr. Randall had been told on multiple occasions that his work performance was superior.

42. Upon information and belief, Defendant is a covered employer to which the Louisiana Employment Discrimination Law applies. Upon information and belief, Defendant has over fourteen thousand employees.

43. Defendant terminated Mr. Randall from employment because he has back injuries. Defendant made no individualized assessment to determine whether Mr. Randall could perform the essential functions of his job or whether a reasonable accommodation would enable him to be employed in his position.

44. Termination on the basis of his disability and Defendant's failure to make an individualized assessment to determine whether Mr. Randall could be employed or whether a reasonable accommodation would enable him to be employed by Defendant violated the Louisiana Employment Discrimination Law.

45. As a result of Defendant's actions, Mr. Randall has suffered and will continue to suffer both economic and non-economic harm.

## COUNT III: VIOLATION OF TITLE VII

46. Paragraphs 1-45 above are restated as if fully incorporated herein.

47. Title VII of the Civil Rights Act prohibits discrimination on the basis of race and prohibits retaliation as a result of discrimination.

48. As the facts above show, Mr. Randall had made numerous complaints regarding race and disability discrimination.

49. Mr. Randall then was terminated despite the fact that he had no fault in the ultimate incident leading to his termination.

50. Upon information and belief, Mr. Randall was terminated under false pretenses as retaliation for his prior complaints of discrimination.

## DEFAMATION

51. Upon termination, HD Supply, Inc. began to tell other potential employers for Mr. Randall that Mr. Randall had stolen from the company.

52. These potential employers include, but are not limited to, Southern Pipe and Supply, Ferguson Waterworks and Wolf & Harris.

53. These false statements have materially harmed Mr. Randall in terms of lost income, mental anguish, and emotional distress.

54. HD Supply, Inc. made comments that Mr. Randall was being prosecuted and would be in jail shortly.

55. To date, Mr. Randall has never been interviewed by police, most likely because Mr. Randall never stole anything.

56. HD Supply, Inc. has continued to spread false statements in an effort to harm Mr. Randall and materially injure Mr. Randall.

## JURY TRIAL REQUEST

Plaintiff hereby notifies the Court and defendants of his intent to seek a trial by jury in this matter.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court enter Judgment in favor of Plaintiff and against Defendants and award the following relief:

a. Appropriate injunctive relief, including but not limited to an order restraining Defendant from engaging in further discriminatory conduct of the types alleged in this Complaint;

b. Back pay in an amount to be determined at trial;

c. Front pay;

d. Compensatory and consequential damages, including for emotional distress against Defendant;

e. Punitive damages against Defendant;

f. Pre-judgment and post-judgment interest at the highest lawful rate;

g. Attorney's fees and costs of this action; and

h. Any such further relief as the Court deems appropriate.

Respectfully Submitted,

___/s/ Galen M. Hair_____
Galen M. Hair (La. Bar. No. 32865), T.A
Varadi, Hair & Checki, LLC
650 Poydras St., Ste. 1550
New Orleans, LA 70130
(504) 684-5200
Facsimile: (504) 613-6351
hair@vhclaw.com